**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUELINE HILLIARD, ET AL.,<br><br>Plaintiff(s)<br><br>v.<br><br>INTERNATIONAL CITY/COUNTY MANAGEMENT ASSOCIATION – RETIREMENT CORPORATION,<br><br>Defendant. | Civil Action No. 08-02201<br><br>MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |

Plaintiff Jacqueline Hilliard seeks relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) from this Court's order dismissing her 42 U.S.C. Section 1981 retaliation claims. (Doc. No. 88). Defendant International City/County Management Association – Retirement Corporation ("ICMA-RC") opposes the motion. (Doc. No. 90). After reviewing the briefs and all other relevant material properly before the Court, the Court will DENY the motion for relief from judgment.

I.  BACKGROUND

For the purposes of this motion, the Court will only briefly recite the relevant procedural and factual background.[1] In December 2008, Plaintiff Hilliard, along with several other former and current ICMA-RC employees, filed this racial discrimination lawsuit against ICMA-RC. (Doc. No. 76 at 1). On December 20, 2011, Hilliard amended the complaint to assert that ICMA-RC retaliated against her for filing the lawsuit by, among other things, giving her a

---

[1] The background of this case is set forth in greater detail in *Hilliard v. Int'l City/Cnty. Mgmt. Ass'n-Ret. Corp.*, 898 F. Supp. 2d 84, 87 (D.D.C. 2012) and in ICMA-RC's opposition to this motion. (Doc. No. 90).

1

negative performance review in June 2009. (Doc. No. 53). By order dated October 12, 2012, the Court dismissed Hilliard's claims for discrimination and retaliation. (Doc. No. 63).

On October 11, 2013, Hilliard filed a motion seeking relief from the Court's judgment as it relates to her retaliation claims. (Doc. No. 88). According to Hilliard, her former attorney mistakenly omitted an "essential" fact from the complaint: that Hilliard complained to ICMA-RC in February 2008 about what she believed was a racially biased performance review. (*Id.* at 10). Hilliard asserts that this omission is significant because the February 2008 complaint motivated ICMA-RC to retaliate against her. (*Id.*).

## II. LEGAL STANDARD

The trial court has the discretion to grant or deny a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993). A motion under Rule 60(b)(1) may be granted if the final judgment resulted from "mistake, inadvertence, surprise, or excusable neglect." A motion under Rule 60(b)(6) may be granted for "any other reason that justifies relief." Motions brought under either Rule 60(b)(1) or Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). However, a motion under Rule 60(b)(1) may not be made more than one year after entry of the judgment. *Id*.

## III. DISCUSSION

Hilliard seeks relief from the Court's October 12, 2012 order dismissing her claims. She seeks to have this Court reconsider its ruling on the grounds that her complaint failed to include facts "central" to her retaliation claims, i.e. that she made allegations of racial discrimination during a meeting in February 2008 and after that received negative treatment. (Doc. No. 88 at 10). ICMA-RC counters that Hilliard is not entitled to relief because Hilliard's motion is not

timely filed. (Doc. No. 90 at 12). The Court agrees with ICMA-RC. A motion brought under either Rule 60(b)(1) or Rule 60(b)(6) must be filed within a "reasonable time." Fed. R. Civ. P. 60 (c)(1). The judgment from which Hilliard seeks relief was entered on October 12, 2012. Hilliard's motion for relief from judgment was filed on October 11, 2013, one day short of a year later. Despite this delay in time, Hilliard does not allege that she only recently discovered these facts. In fact, this motion relates to an incident allegedly occurring in February 2008. Accordingly, Hilliard's motion has not been brought within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1).

The Court further finds that, even if the motion was timely, Hilliard's new assertions would not create a dispute of fact. A party may not create a dispute of material fact simply by contradicting her own previous statements. *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123 (D.C. Cir. 1991). Hilliard's new affidavit directly contradicts her previous filings. Prior to filing this motion, Hilliard maintained that she had not received any negative reviews until she filed the lawsuit in December 2008. (Doc. No. 90, Ex. 1)("[b]efore this lawsuit was filed, I had received only positive performance reviews"). In contrast, her new affidavit asserts that in February 2008 she complained about having received a negative performance review. (Doc. No. 88, Hilliard Affidavit, at 10). Hilliard provides no explanation for this contradiction.

Accordingly, the motion for relief from judgment is denied.

IV. CONCLUSION

For the foregoing reasons, Plaintiff Hilliard's Motion for Relief from Judgment, (Doc. No. 88), is DENIED.

*[signature: Barbara J. Rothstein]*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

3